DACCO, INC., Plaintiff–Appellant,

v.

Joe B. HUDDLESTON, Commissioner of Revenue, State of Tennessee, Defendant–Appellee.

Court of Appeals of Tennessee, Middle Section.

Sept. 16, 1994.

Permission to Appeal Denied by Supreme Court Jan. 30, 1995.

H. Rown Leathers, III, Manier, Herod, Hollabaugh & Smith, Nashville, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, and Daryl J. Brand, Sr. Counsel, Office of Atty. Gen., Tax Div., Nashville, for defendant-appellee.

FRANKS, Judge.

### OPINION

In this action to recover taxes paid under protest, the Trial Court ruled in favor of the Commissioner that $64,678.00 in excise taxes paid under protest had been due and owing to the State.

The Chancellor in finding for the Commissioner, held that the Commissioner's interpretation of T.C.A. § 67–4–817 [1] was correct. Accordingly, since federal tax law required the plaintiff to file two federal tax returns in 1988 as a result of its acquisition by another company, the Court determined that the plaintiff had to file two state excise tax reports as well.

On June 1, 1988, Jordan Industries acquired Dacco, Inc. As a result of this acquisition, federal tax law required Dacco to file a tax return for January 1 through May 31 as an independent entity and a second consolidated tax return for June 1 through December 31 as a subsidiary of its parent company, Jordan Industries. Because Dacco used the calendar year as its fiscal accounting period both before and after its acquisition by Jordan Industries, it filed only one excise tax report in 1988.

On January 10, 1991, the Commissioner assessed Dacco $64,678.00 in overdue excise taxes for 1988. The basis of this assessment

---

1. T.C.A. § 67–4–817 provides in pertinent part (a) an annual return shall be filed with the Commissioner of Revenue on or before the first day of the fourth month following the close of the corporation's taxable year....

was the Commissioner's determination that Tennessee Administrative Regulation 1320–6–1–02(2) ("Rule 2(2)") required Dacco to file an excise tax report for each period for which it filed a federal income tax return. Because it had filed two income tax returns in 1988, the Commissioner maintained that Rule 2(2) required the plaintiff to file two excise tax reports as well.

■ Dacco paid the assessment on April 2, 1991, under protest, and on July 1, 1991 submitted a refund claim to the Commissioner. The Commissioner denied the refund on August 9, 1991, and the sole issue on appeal is whether Rule 2(2) is either inconsistent with or enlarges the scope of T.C.A. § 67–4–817.

■ While the plaintiff's construction of the taxing statutes and regulations is articulate and reasonable, the Commissioner's own construction is neither inconsistent with § 67–4–817 nor enlarges the scope of that statute. T.C.A. § 67–1–102 gives the Commissioner authority to promulgate rules and regulations consistent with existing law. In the absence of a clear showing that a revenue rule is either contrary to law or enlarges the scope of existing law, this Court will not substitute its judgment for that of the Commissioner. *Covington Pike Toyota, Inc. v. Cardwell,* 829 S.W.2d 132, 134 (Tenn.1992).

T.C.A. § 67–4–817(a) provides "an annual return shall be filed with the Commissioner of Revenue on or before the first day of the fourth month following the close of the corporation's taxable year". In contrast, Rule 2(2) provides "a franchise-excise return tax must be filed to coincide with each accounting period for which a federal return has been filed".

The plaintiff maintains the rule has enlarged the scope of the statute by potentially requiring more than one tax return per year, while the statute requires only one annual return per year. The statutory scheme indicates that the legislature envisioned the possibility of more than one return in twelve calendar months. In subsection (c)(4) the statute empowers the Commissioner to make rules governing the payment of taxes for corporations with taxable years of less than twelve months. As the plaintiff notes, this subsection is not directly applicable to this case. Nevertheless, it does indicate that the legislature considered the possibility that some corporations may pay taxes more often than annually. Moreover, the legislative intent was to formulate a tax code which operates in tandem with federal tax laws. Accordingly, we conclude the Commissioner was empowered under T.C.A. § 67–1–102(a) to promulgate Rule 2(2) to regulate the payment of such taxes.

Plaintiff argues assuming the validity of the rule *arguendo* the Commissioner misapplied the rule to Dacco, because the rule requires Dacco to pay taxes only once per accounting period. Because Dacco's fiscal year coincides with the calendar year, the plaintiff argues that payment of taxes should have come only after the close of the calendar year. This argument simply restates the plaintiff's argument against the rule's validity. Regardless of the plaintiff's fiscal year, it was required to establish two accounting periods for 1988 in order to comply with federal tax law. This unusual situation brought it within the ambit of Rule 2(2).

Finally, plaintiff argues that Rule 2(2) is inconsistent with T.C.A. § 67–4–812's general disapproval of taxpayers filing a consolidated tax return. This argument addresses issues that are unrelated. While it is true that the Commissioner of Revenue would not have permitted Dacco to file a consolidated tax return with its parent for the 1988 calendar year, that conclusion has no bearing on the question of whether it should have filed two independent tax returns for the 1988 calendar year.

T.C.A. § 67–4–817 requires corporate taxpayers to file annual franchise-excise tax returns. This same statute also suggests that situations might arise in which a taxpayer would pay taxes more than once a year. The Commissioner promulgated Rule 2(2) under statutory authority to address such circum-

stances. Under this Rule, a taxpayer must file a state excise tax return for each accounting period in which it also files a federal income tax return. We hold that Revenue Rule 2(2) is a valid exercise of the Commissioner's rule-making power under T.C.A. § 67–1–102 and is neither inconsistent with nor enlarges the scope of T.C.A. § 67–4–817.

We affirm the judgment of the Trial Court and remand with costs of the appeal assessed to the appellant.

TODD, P.J., and CANTRELL, J., concur.